### Royce GEEL

v.

### GRAHAM BROTHERS.

Supreme Judicial Court of Maine.

Argued June 10, 1981.

Decided June 18, 1981.

Alan D. Graves (orally), Machias, for plaintiff.

Blaisdell & Blaisdell, Malcolm S. Stevenson, Gary Hunt (orally), Ellsworth, for defendant.

Before McKUSICK, C. J., and WERNICK, GODFREY, ROBERTS and CARTER, JJ.

CARTER, Justice.

In July 1979, Royce Geel fell and suffered a head injury while working for the Graham Brothers' logging operation. Geel filed a petition for award of compensation and the Workers' Compensation Commission issued a decision finding that Geel had been injured in the course of his employment and awarding compensation for the resulting incapacity. Graham Brothers appeals from the pro forma decree of the Superior Court (Washington County) affirming that decision.

The employer argues that Geel was not entitled to compensation because his injury

was not "arising out of and in the course of his employment" as required by 39 M.R.S.A. § 51. The employer asserts that since regulations adopted pursuant to the federal Occupational Safety and Health Act of 1970 required Geel to wear a hard hat, and since Geel admittedly was not wearing his hard hat at the time of his injury, he was violating the terms of his employment contract. The employer argues that Geel was, therefore, not acting "in the course of his employment."

We find no merit to this argument. The Occupational Safety and Health Act specifically provides that the Act shall not be "construed to supersede or in any manner affect any workmens' compensation law or to enlarge or diminish or affect in any other manner the common law or statutory rights, duties, or liabilities of employers and employees under any law with respect to injuries, diseases, or death of employees arising out of, or in the course of, employment." 29 U.S.C. § 653(b)(4).

The employee's failure to wear his hard hat cannot relieve the employer of liability under our workers' compensation law. With exceptions not here applicable, 39 M.R.S.A. § 3 provides that the employee's negligence or assumption of the risk is not a defense to the employer in the employee's action to recover compensation for injuries arising out of and in the course of his employment. There is competent evidence in the record to support the Commission's finding that the employee was incapacitated due to an injury arising out of and in the course of his employment. Therefore, we affirm the judgment below. *See Dunton v. Eastern Fine Paper Company*, Me., 423 A.2d 512, 518 (1980).

The entry is:

Judgment affirmed.

Further ordered that the employer pay to the employee an allowance of $550 for his counsel fees plus his reasonable out-of-pocket expenses for this appeal.

All concurring.